**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARVIN ALEX ALBERT BLANTON, Jr., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC, a foreign corporation; FIRST PREMIER BANK, a foreign corporation,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff, Marvin Alex Albert Blanton Jr., (hereinafter "Plaintiff") by and through counsel, and for his complaint against the Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act).

**JURISDICTION**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367. Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. Plaintiff is a natural person residing in the State of Nevada. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, Defendant Trans Union LLC (hereinafter "Trans Union") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

5. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, Defendant First Premier Bank (hereinafter "First Premier") is a corporation incorporated under the laws of the State of South Dakota and authorized to do business in the State of Nevada.

8. Upon information and belief, First Premier is a national bank, authorized to do business in the State of Nevada, as a consumer credit card lender.

## FACTUAL ALLEGATIONS

9. Around November 2010, Plaintiff opened a credit account with First Premier which required Plaintiff to pay a monthly fee.

10. Around April 2012 Plaintiff sent a payment to First Premier in the amount of $200.00. Immediately prior to this payment, Plaintiff's account had a balance of $0.00.

11. From April 2012 through October 2012 First Premier deducted Plaintiff's monthly fees from the $200.00 Plaintiff paid in April 2012.

12. Around November 2012, Plaintiff received a call from First Premier informing Plaintiff that he owed money on his account. First Premier alleged Plaintiff had not been paying his monthly fees as required on his account.

13. Plaintiff explained that his monthly fees should have been deducted from the $200.00 payment made in April 2012. An unknown representative from First Premier advised Plaintiff that his $200.00 check was returned to him several months prior. Plaintiff advised First Premier that he never received the check. Plaintiff also requested that First Premier put a

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

1 notation in his account reflecting the fact that he disputed he owed the monies First Premier was
2 attempting to collect.

3       14.    In December 2012, Plaintiff was contacted by First Premier representative Beth
4 (LNU)(ID #W87). Beth advised Plaintiff that the check could not be returned to Plaintiff
5 because of privacy concerns. Beth also confirmed the check that was allegedly returned to
6 Plaintiff months prior was in First Premier's possession. Plaintiff inquired into why late fees
7 were being charged when First Premier was in possession of Plaintiff's monies that were
8 previously used to satisfy the monthly charges. Beth informed Plaintiff that she could not assist
9 Plaintiff because the check was "in the collection department" and Plaintiff's only option was to
10 pay the late fees. The total due and owing late fees were initially $79.00, but later reduced to
11 $37.25.

12       15.    In December 2012, Plaintiff paid the alleged late fees to First Premier in total;
13 $37.25. Approximately two weeks later, First Premier sent Plaintiff a check for $107.80.

14       16.    In September 2012, Plaintiff first explored obtaining a loan to purchase a home.
15 In doing so, Plaintiff viewed his credit report. First Premier was not reporting any derogatory or
16 late information at that time.

17       17.    In December 2012, Plaintiff attempted to obtain a loan to purchase a home. Upon
18 applying for financing Plaintiff became aware that First Premier was reporting his account to
19 Trans Union as 30 days late for November 2012 and 60 days late for December 2012.

20       18.    Plaintiff initially qualified for a loan through the Federal Housing Administration
21 wherein he would be required to make a down payment of 3.5%. Thereafter, Plaintiff was
22 advised by his lender that because of the information First Premier provided to Trans Union,
23 Plaintiff was now required to make a down payment of 10%.

24       19.    On or around January 23, 2013, Plaintiff disputed the accuracy of the information
25 provided by First Premier and published by Trans Union by submitting an online dispute through
26 Trans Union's website.

**COGBURN LAW OFFICES**
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

20. Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify First Premier's representations.

21. In the alternative to the allegation that Trans Union failed to contact First Premier, it is alleged that Trans Union did forward some notice of the dispute to First Premier and First Premier failed to conduct a lawful investigation.

## FIRST CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681e(b) against Trans Union)

22. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

23. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

24. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

25. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

26. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681i against Trans Union)

27. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

28. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to First Premier; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

29. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

30. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

31. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## THIRD CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681s-2(b) against First Premier)

32. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

33. First Premier violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the false representation within Plaintiff's credit file with Trans Union without also including a notation that this debt was disputed; by failing to fully and properly investigate Plaintiff's dispute of the First Premier representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the First Premier representations to the consumer reporting agencies.

34. As a result of this conduct, action and inaction of First Premier, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

35. First Premier's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from First Premier in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Costs and reasonable attorneys' fees;
5. A trial by jury; and
6. For such other and further relief as the Court may deem just and proper.

Dated this 15th day of April, 2013.

**COGBURN LAW OFFICES**

By: s/ Larson A. Welsh, Esq.
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
*Attorneys for Plaintiff*