# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARVIN ALEX ALBERT BLANTON, JR., )
                                                           )     2:13-cv-00633-GMN-VCF
                                   Plaintiff, )
                                                           )     **ORDER**
vs.                                                           )
                                                           )
TRANS UNION LLC, *et al.*,                )
                                   Defendants. )
_____)

      Before the court is the parties' Joint Motion for Protective Order (#17) and Agreed Protective Order (#18).

      While some of the language stated in the Agreed Protective Order (#18) is not inconsistent with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) regarding filing confidential documents or utilizing confidential documents at trial, the court issues this order to clarify that the parties must adhere to those directives and this court's Local Rules as set forth below.

      Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.*

A party seeking to file a confidential document or utilize a confidential document at trial must also comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1. The parties must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

2. The parties' Joint Motion for Protective Order (#17) is GRANTED.

///

///

///

3.  The parties' Agreed Protective Order (#18), as modified and signed by the court, is **APPROVED.**

Dated this 1st day of August, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

DARRELL D. DENNIS, ESQ.
Nevada Bar No. 006618
JASON G. REVZIN, ESQ.
Nevada Bar No. 008629
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89101
(702) 893-3383
(702) 893-3789 Fax
*Counsel for Defendant Trans Union LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| MARVIN ALEX ALBERT BLANTON, JR., an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, a foreign corporation; FIRST PREMIER BANK, a foreign corporation,<br><br>                    Defendants. | Case No. 2:13-CV-00633-GMV-VCF<br><br>**AGREED PROTECTIVE ORDER** |

Pending before the Court is the Parties' Joint Motion for Protective Order. After considering said Motion, the Court finds that it should be GRANTED. It is therefore, ORDERED that the parties herein comply with the provisions of this Order set forth below.

Marvin Alex Albert Blanton, Jr. has filed this lawsuit (the "Litigation") against Defendant Trans Union LLC ("Defendant") (collectively referred to as the "Parties") alleging that Defendant is liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq*. In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain confidential and proprietary trade secrets and other business information of Defendant and Defendant has sought discovery or testimony regarding the personal identifying information of Plaintiff (herein after collectively referred to as the "Confidential Information").

Page 1

5001073.1/SP/83057/1457/071013

As a means of avoiding continued dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential. Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order. At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information". Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

5001073.1/SP/83057/1457/071013

The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (a) Plaintiff and Defendant (b) Plaintiff's and Defendant's attorneys; (c) experts or consultants retained by Plaintiff, Plaintiff's attorneys, Defendant, and Defendant's attorneys in preparation for and/or the trial of this action.  Before any Confidential Information is disclosed to an expert or consultant, the expert or consultant must first be provided with a copy of this Order and sign a statement in the form attached hereto as **Exhibit A** agreeing to be bound by the terms of this Order.

In the event the Parties intend to file Confidential Information with the Court, they shall file it under seal pursuant to the requirements of Court for filing documents under seal.

In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies.  In the event such a dispute cannot be resolved by agreement, a Party may move the Court for modification of this Order.  The Confidential Information designation shall be maintained pending disposition of such a motion.

This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence.  The procedures to govern the use and disclosure of Confidential Information and the redaction of any "Confidential" or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of

Page 3

1  such information as Confidential Information.  Any of the Parties can remove their designation of
2  Confidential Information from any information it has previously so designated.
3        The Parties cannot use or disclose any Confidential Information in any pretrial court
4  proceeding that is open to persons not authorized to have access to such Confidential Information
5  under the terms of this Order.  This provision does not limit the right of any of the Parties to
6  submit any Confidential Information to the Court under seal as described above.
7        Within sixty (60) days after the final resolution of the Litigation, including any appellate
8  proceeding, the Parties agree to return to opposing counsel the original and any copies of any
9  Confidential Information produced.
10       SO ORDERED.
11       SIGNED this __2nd__ day of __August_____, 2013.

                                        _____
                                        **CAM FERENBACH**
                                        UNITED STATES MAGISTRATE JUDGE

**AGREED:**

| /s/ Jamie S. Cogburn | /s/ Jason G. Revzin |
|---|---|
| **JAMIE S. COGBURN** | **DARRELL D. DENNIS** |
| jsc@cogburnlaw.com | Nevada Bar No. 006618 |
| **LARSON A. WELSH** | darrell.dennis@lewisbrisbois.com |
| lw@cogburnlaw.com | **JASON G. REVZIN, ESQ**. |
| Cogburn Law Offices | Nevada Bar No. 008629 |
| 2879 St. Rose Parkway, Suite 200 | jason.revzin@lewisbrisbois.com |
| Henderson, NV 89052 | Lewis Brisbois Bisgaard & Smith LLP |
| (702) 384-3616 | 6385 S. Rainbow Blvd., Suite 600 |
| (702) 943-1936 Fax | Las Vegas, NV  89118 |
| *Counsel for Plaintiff* | (702) 893-3383 |
|  | (702) 893-3789 Fax |
|  | *Counsel for Trans Union LLC* |

Page 5

5001073.1/SP/83057/1457/071013

# **EXHIBIT A**

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, *Marvin Alex Albert Blanton, Jr. v. Trans Union, LLC et al*, Civil Action No. 2:13-cv-00633-GMN-VCF, which is currently pending in the United States District Court for the District of Nevada, Las Vegas Division.  The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the District of Nevada, Las Vegas Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.

Dated: _____   Signed: _____

Printed: _____

5001073.1/SP/83057/1457/071013